UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| COMMONWEALTH GENERAL ASSIGNMENT CORPORATION, et al., ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:00CV-565-R |
| v. ) ) | CLASS ACTION |
| SETTLEMENT FUNDING, LLC, et al., ) ) | |
| Defendants. ) ) | |

ORDER

AND NOW, this 19 day of Aug 2004, upon consideration of the Joint Motion of Defendant and Cross-Claim Plaintiff Barbara Ann Farino and Defendants and Cross-Claim Defendants Settlement Funding, LLC, and Peachtree Finance Company, LLC, for Issuance of an Order Setting the Date for a Final Fairness Hearing, Approving the Third Amendment to the Settlement Agreement, and Granting a Protective Order (the "Joint Motion"), and upon consideration of the Motion of Settlement Class Counsel for Counsel Fees and Litigation Expenses, and upon consideration of the Motion of Cross-Claim Plaintiff Barbara Ann Farino for an Incentive Fee, and the Court finding that:

    a.    The proposed Settlement between the Parties, as amended by the First, Second and Third Amendments to the Settlement Agreement & Release ("Settlement Agreement"), appears on further preliminary review to be within the range of reasonableness, and fair and adequate to the Cross-Claim Plaintiff and to all of the members of the Settlement Class, and consistent with the public interest;

b. The Parties have demonstrated good cause for the issuance of a protective order limiting access to personal information concerning the members of the Settlement Class; and

c. The meaning of any terms herein shall have the meaning assigned to them in the Settlement Agreement;

It is hereby ORDERED and DECREED that the Joint Motion is GRANTED, and it is further ORDER and DECREED that:

1. **Amendments.** The Settlement Agreement as amended by the First, Second and Third Amendments thereto, is PRELIMINARILY APPROVED subject to further consideration at the Hearing; the Parties shall execute a revised and restated Settlement Agreement incorporating the provisions of the First, Second and Third Amendments;

2. **Protective Order.**

a. Settlement Class Counsel shall not use information that it has received from Peachtree concerning the Peachtree Parties' customers, including, without limitation, potential members of the Settlement Class, for any purpose other than its representation of the Settlement Class;

b. The Peachtree Settlement Administrator shall maintain the confidentiality of all information that it receives in the course of its duties;

c. In filings with the Court, the parties and the Peachtree Settlement Administrator shall file under seal information that would divulge the identity of potential members of the Settlement Class or their family members and beneficiaries including, without limitation, their names, addresses, Social Security numbers, dates of birth, annuity contract numbers, and the dates and amounts of Transferred Payments;

d. The Peachtree Parties and Settlement Class Counsel may divulge information concerning potential members of the Settlement Class to Structured Settlement Obligors and their Associated Annuity Issuers in the event that the Peachtree Parties or Settlement Class Counsel reasonably believe those individuals to be the payees of an annuity contract or similar obligation issued by the relevant Associated Annuity Issuer and owned by the relevant Structured Settlement Obligor;

e. Copies of materials filed under seal shall be served on the Peachtree Parties and Settlement Class Counsel (acting on behalf of the Cross-Claim Plaintiff and the Settlement Class), and may also be served on Structured Settlement Obligors in the event that the materials filed under seal concern individuals who are reasonably believed to be obligees of those Structured Settlement Obligors;

f. Other parties to this Action may upon application to the Court obtain copies of materials filed under seal provided that such parties demonstrate to the satisfaction of this Court that the materials shall be maintained in confidence and used for purposes of participating in this Action.

3. **Hearing.** A hearing shall be held before this Court in Courtroom __1__, Gene Snyder Courthouse, 601 West Broadway, Louisville, Kentucky 40202 at 1:30 a.m./p.m. Eastern Time, on Nov. 15, 2004 to determine whether:

a. The proposed Settlement is fair, reasonable and adequate and should be approved by the Court;

b. An Order and Judgment should be entered dismissing the Cross-Claim on the merits, with prejudice, and without costs; and

3

c.      To award counsel fees, litigation expenses and an Incentive Fee to the Cross-Claim Plaintiff.

4. **Notice.**

a.      The forms of Notice II, as appended hereto, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and are approved and incorporated in the Settlement Agreement as Exhibits E & F thereto, superseding the prior versions thereof. The mailing and distribution of Notice II substantially in manner and form stated in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. Notice II is the best notice practicable under the circumstances, and shall, together with Notice I, constitute valid, due and sufficient notice of the Hearing and of the rights, benefits, duties and obligations afforded by the Settlement to all persons entitled to such Notice.

b.      The Peachtree Parties or their agent, at the Peachtree Parties' expense, shall cause Notice II to be given to the Settlement Class Members as follows:

i. Within fifteen (15) business days of the date of this Order, a copy of Notice II, substantially in the form appended to the Settlement Agreement as Exhibit E, shall be mailed in the name of the Clerk of the Court by first class mail, postage prepaid, to the last known address, with request to forward, of all Settlement Class Members, and to the attorneys of those Settlement Class Members who have notified the Peachtree Parties that they are presently represented by counsel, other than Settlement Class Counsel, in any controversy or lawsuit concerning a Purchase Agreement or Loan Agreement; and

ii. Within fifteen (15) business days of the date of this Order, a modified version of Notice II, substantially in the form appended as Exhibit F to the Settlement

Agreement, shall be posted on a website maintained by the Peachtree Parties, and remain accessible on the website until fifty (50) days from the date that this Order is entered.

c.  The form of Notice II appended as Exhibit E to the Settlement Agreement and sent by first-class mail to each Settlement Class member shall provide a reasonable estimate of (i) the aggregate amount, stated in future value, of the monetary benefit to be paid to the Settlement Class if the Settlement is approved; and (ii) the dollar amount, stated in future value, of the Settlement Class Member's estimated individual share of the monetary benefit. Furthermore, if Peachtree estimates that the Settlement Class Member will receive his or her monetary benefit in the form of a reduction in the number of Transferred Payments that Peachtree will collect under the terms of the Purchase or Loan Agreement between Peachtree and the Settlement Class Member, Notice II shall include a summary of the Transferred Payments or portions thereof that Peachtree estimates that it will forego in the event that the Settlement is approved, identifying the Transferred Payments by amounts and the dates they are due. Notice II shall caution the Settlement Class Member that the amounts provided are merely estimates that may change by the time that the Settlement is finally approved.

d.  The form of Notice II appended as Exhibit E to the Settlement Agreement and sent by first-class mail to those Settlement Class Members who are parties to Purchase Agreements or Loan Agreements that Peachtree alleges to have gone into Default on or before the date when Order I was entered shall inform these Settlement Class members of the alleged Default, of the interest rate and default processing fee that will apply.

e.  Before the Hearing, the Peachtree Parties shall file with the Court a certificate of compliance with the provisions of this Order pertaining to the mailing and publication of Notice II.

f.  Within five (5) business days of mailing, the Peachtree Parties shall provide Settlement Class Counsel and the Peachtree Settlement Administrator with copies of the notices that were sent to the Settlement Class.

5. **Exclusion.**

a.  Settlement Class Members who have not previously submitted a valid request for exclusion may exclude themselves from the Settlement Class by mailing a written request for exclusion to the post office box maintained by the Peachtree Settlement Administrator, postmarked not later than fifty (50) days from the date of entry of this Order.

b.  The provisions of Paragraph 6.b-6.g of Order I, entered on the 6th day of November, 2003, are hereby incorporated by reference.

6. **Appearances and Objections by Settlement Class Members.**

a.  Any Settlement Class Member who has not filed a valid and timely request for exclusion from the Settlement Class may file with the Court and serve on all parties an appearance, and may appear in person or by an attorney at the Hearing and present any evidence or argument that may be proper and relevant.

b.  No Settlement Class Member will be allowed to present any evidence or argument at the Hearing contesting the terms of the Settlement or the allowance of any fees, costs or expenses, except by Order of the Court for good cause shown, unless no later than fifty (50) days from the date that this Order is entered, such person serves a written notification of the desire to appear personally, setting forth (if in opposition to the Settlement) the grounds for the objection, the identity of witnesses that the objector may call to testify and the substance of the witnesses' expected testimony, and enclosing copies of all papers and evidence that the objector intends to present to the Court, upon Settlement Class Counsel:

>William Jay Hunter, Jr., Esquire
>Stoll, Keenon & Park, LLP
>2650 AEGON Center
>400 West Market
>Louisville, Kentucky 40202

And upon counsel for the Peachtree Parties:

>Mark A. Aronchick, Esquire
>Sharon F. McKee, Esquire
>Hangley Aronchick Segal & Pudlin
>One Logan Square, 27th Floor
>Philadelphia, Pennsylvania 19103

And upon the Peachtree Settlement Administrator

>P.O. Box 70001
>Louisville, Kentucky 40270-0001

And has filed the notification, objections, papers and briefs, showing due proof of service upon the Parties, with the Clerk of the U.S. District Court for the Western District of Kentucky, Louisville Division, Gene Snyder Courthouse, 601 West Broadway, Louisville, Kentucky 40202, no later than fifty (50) days from the date that this Order is entered. Except by Order of the Court for good cause shown, no objector may amend or supplement the written objections, including any notification, list of witness, evidence, papers or briefs, after the expiration of the 50-day deadline for filing objections.

  c. Any Settlement Class Member who fails to object to the Settlement or to the allowance of any fees, costs or expenses as provided in this Order shall be deemed to have waived such objections and shall be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement or the allowance of any fees, costs or expenses.

  d. All motions seeking final approval of the Settlement, together with entry of an order and judgment dismissing the Cross-Claim, and all written responses to objections

shall be filed with the Court at least ten (10) days prior to the Hearing and served on the Parties and the objectors.

e. The Hearing may be continued or adjourned by Order of the Court, and the Court may approve the Settlement, without further notice to the Settlement Class other than the Settlement Class Representative and those members of the Settlement Class who have timely filed written objections or notice of intention to appear.

7. The Court retains jurisdiction of the Cross-Claim to consider all further applications arising out of the Settlement.

Except as specifically modified by this Order, the previous Orders entered by this Court shall remain in full force and effect.

ENTERED this _19_ day of ~~July,~~ Aug, 2004.

_____
Thomas B. Russell, Judge
United States District Court

**ENTERED**

AUG 19 2004
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

8