# EXHIBIT A

IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

FILED APR 2 2004
BARBARA DUNN, CHANCERY CLERK
BY _____

| | |
|---|---|
| SETTLEMENT FUNDING, LLC<br>d/b/a PEACHTREE SETTLEMENT FUNDING, AS<br>SELLER/ SERVICER FOR PEACHTREE FINANCE | PLAINTIFF |
| VS. | CIVIL ACTION NO.: G-2004-211 R/1 |
| JACQUELINE HORTON, BHG STRUCTURED<br>SETTLEMENTS, INC., AND BERKSHIRE<br>HATHAWAY LIFE INSURANCE COMPANY | DEFENDANTS |

## MOTION TO DISMISS, ANSWER AND AFFIRMATIVE DEFENSES AND COUNTER-CLAIM

COMES NOW, the Defendant, Jacqueline Horton, and files this her Motion to Dismiss, Answer and Affirmative Defenses and Counter-claim as against the Plaintiff, and would show unto the Court the following to-wit:

### MOTION TO DISMISS

The Complaint fails to state a claim upon which relief can be granted in that the contract and instrument sued on were clearly non-assignable and the Plaintiff has acquired no vested interest or legal entitlement right under the purported contract to any periodic payments whatsoever.

### ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Jacqueline Horton, who, without waiving any of her rights as set out above, answers the Complaint and says:

-1-


EXHIBIT "A"

**I.**

Your Defendant admits the allegations set out in paragraph numbered one (1).

**II.**

Your Defendant admits the allegations set out in paragraph numbered two (2).

**III.**

Your Defendant admits the allegations set out in paragraph numbered three (3).

**IV.**

Your Defendant admits the allegations set out in paragraph numbered four (4).

**V.**

Your Defendant admits the allegations set out in paragraph numbered five (5).

**VI.**

Your Defendant admits the allegations set out in paragraph numbered six (6).

**VII.**

Your Defendant admits the allegations set out in paragraph numbered seven (7).

**VIII.**

In answering paragraph numbered eight (8), your Defendant admits that Horton executed and agreement with Peachtree, but that the instrument is void or voidable and therefore denies each of the remaining allegations in paragraph numbered eight (8).

**IX.**

In answering paragraph numbered nine (9), Horton admits that on or about the

11th day of November, 1998, another instrument was executed but would affirmatively show unto the Court that the instrument is void or voidable and therefore denies all the allegations set out therein.

X.

In answering paragraph numbered ten (10), Horton has no knowledge or information to form a belief with regard to the allegations set out therein and therefore denies all of the allegations set out in paragraph numbered ten (10).

XI.

In answering paragraph numbered eleven (11), defendant, Horton admits that she executed and instrument which was attached and marked as Exhibit "B", but would affirmatively show unto the Court that the instrument is void or voidable and therefore denies all of the allegations set out in paragraph numbered eleven (11).

XII.

Horton admits that she executed instruments marked and attached as Exhibits "E", "F" & "G", to the Complaint, however, those instruments are void or voidable.

XIII.

In answering paragraph numbered thirteen (13), Horton denies the allegations set out therein and demands strict proof thereof.

XIV.

In answering paragraph numbered fourteen (14), Horton admits executing a

UCC-1, but because the instruments are void or voidable, your Defendant Horton denies the allegations set out therein.

### XV.

In answering paragraph numbered fifteen (15), Defendant Horton has no knowledge to form a belief as to the truth of the allegations and therefore denies each and every allegation set out therein.

### XVI.

Defendant Horton denies each and every allegation set out in paragraph numbered sixteen (16).

### XVII.

Defendant denies each and every allegation set out in paragraph numbered seventeen (17).

### XVIII.

Defendant denies each and every allegation set out in paragraph numbered eighteen (18).

### XIX.

Defendant denies each and every allegation set out in paragraph numbered nineteen (19).

### XX.

Defendant denies each and every allegation set out in paragraph numbered twenty (20).

## XXI.

Defendant denies each and every allegation set out in paragraph numbered twenty-one (21).

## XXII.

Defendant denies each and every allegation set out in paragraph numbered twenty-two (22).

## XXIII.

Defendant denies each and every allegation set out in paragraph numbered twenty-three (23).

## XXIV.

Defendant denies each and every allegation set out in paragraph numbered twenty-four (24).

## XXV.

Defendant denies each and every allegation set out in paragraph numbered twenty-five (25).

## XXVI.

Defendant denies each and every allegation set out in paragraph numbered twenty-six (26).

## XXVII.

In answering paragraph numbered twenty-seven (27), Defendant Horton admits that she did not furnish to Peachtree any portion of payment from and after January 15,

2003, as she was not legally indebted to Peachtree for any amounts whatsoever.

### XXVIII.

Defendant denies each and every allegation set out in paragraph numbered twenty-eight (28).

### XXIX.

Defendant denies each and every allegation set out in paragraph numbered twenty-nine (29).

### XXX.

Defendant denies each and every allegation set out in paragraph numbered thirty (30).

### XXXI.

Defendant denies each and every allegation set out in paragraph numbered thirty-one (31).

### XXXII.

Defendant denies each and every allegation set out in paragraph numbered thirty-two (32).

### XXXIII.

Defendant denies each and every allegation set out in paragraph numbered thirty-three (33).

### XXXIV.

Defendant denies each and every allegation set out in paragraph numbered

thirty-four (34).

**XXXV.**

Defendant denies each and every allegation set out in paragraph numbered thirty-five (35).

**XXXVI.**

Defendant denies each and every allegation set out in paragraph numbered thirty-six (36).

**XXXVII.**

Defendant denies each and every allegation set out in paragraph numbered thirty-seven (37).

**XXXVIII.**

Defendant denies each and every allegation set out in paragraph numbered thirty-eight (38).

**XXXIX.**

Defendant denies each and every allegation set out in paragraph numbered thirty-nine (39).

**XXXX.**

Defendant denies each and every allegation set out in paragraph numbered forty (40).

**XXXXI.**

Defendant denies each and every allegation set out in paragraph numbered

forty-one (41).

## XXXXII.

Defendant denies each and every allegation set out in paragraph numbered forty-two (42).

## XXXXII.

Defendant denies each and every allegation set out in paragraph numbered forty-three (43).

## XXXXIV.

Defendant denies each and every allegation set out in paragraph numbered forty-four (44).

## XXXXV.

Defendant denies each and every allegation set out in paragraph numbered forty-five (45).

## XXXXVI.

Defendant denies each and every allegation set out in paragraph numbered forty-six (46).

## XXXXVII.

Defendant denies each and every allegation set out in paragraph numbered forty-one (47).

## XXXXVIII.

Defendant denies each and every allegation set out in paragraph numbered

forty-eight (48).

## XXXXIX.

Defendant denies each and every allegation set out in paragraph numbered forty-nine (49).

In answering the unnumbered paragraph beginning with "WHEREFORE PREMISES CONSIDERED", Defendant denies that the Plaintiff should be entitled to any relief and more specifically in paragraph (A), paragraph (B), paragraph (C), paragraph (D), paragraph (E).

## COUNTER-CLAIM

AND NOW HAVING fully answered the Complaint as filed herein by the Plaintiff, your Defendant, Jacqueline Horton, hereby files this her answer a counter-claim as against the Counter-Defendant, Settlement Funding, LLC, dba, Peachtree, Settlement Funding, as sellers/ service for Peachtree Finance Company, LLC, the Counter-Defendants and for just cause would show unto the Court the following to-wit:

## I.

That this Counter-claim is brought in accordance with Rule 13 of the Mississippi Rules of Civil Procedure. That your Cross-Plaintiff is a bona fide adult resident citizen of the First Judicial District of Hinds County, Mississippi.

## II.

That the Counter-Defendant, Settlement Funding, LLC, dba, Peachtree Settlement Funding is a Georgia limited liability company with its principle place of

business located at 5085 Avalon Ridge Parkway, Norcross, Georgia. That at all times herein Peachtree acts as a seller/ service provider for Peachtree Finance Company, LLC.

### III.

That Cross-Plaintiff would show unto the Court that on April 16, 1997, she executed a settlement agreement with Scripto-Tokaia Corporation, Capitol Tobacco and Specialty Company, Great American Insurance Company. Under said agreement Horton was to receive 180 monthly payments of $425.00 per month commencing on June 15, 1997 through May 15, 2012, for an aggregate sum total of $76,500.00. That a copy of the Confidential Settlement Agreement and Release being attached herewith and marked as Exhibit "A". That a portion of that agreement as set out in paragraph numbered VI states that "the periodic payments to be received by Horton pursuant to this settlement agreement are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or incumbrance by Plaintiff (Horton).

### IV.

Cross-Plaintiff would show unto the Court that the purpose and intent of structured settlements and annuities is to assist and help the recipients of the money to manage their financial affairs over a period of time in order to see to their daily needs. That the class of people who are encouraged by competent business people, counselors, attorneys, and the Courts to accept structured settlements are people who are not educated and trained in finances and management and sometimes are wasteful

with their money. Therefore the structured settlement is a method of settlement to assist people who are not trained in finances which has been found to be a proven policy to the benefit of the general public. That sometime after April 16, 1997 and prior to December 6, 1997, the Cross-Defendants by various advertisements through television, newspaper ads, fliers, and other advertisements began to target that class of people, to which your Cross-Plaintiff belongs, who generally accept structured and annuity settlements. That the purpose of the Cross-Defendants advertisement was to induce and influence this less educated class of people typically accept annuity settlements to sell their annuity benefits for a cash pay off. That the advertisements as made were known by the Cross-Defendants to be misleading, and specifically targeted certain classes of individuals.

V.

That the Plaintiff, who is a member of a class known to accept annuity settlements, was influenced, believed, and relied upon the statements contained in said advertisements, and specifically that she believed the representation as made to her were true and accurate and in her best financial interest.

VI.

As a result of the advertisements, the Cross-Plaintiff contacted the Cross-Defendant for the purpose of making inquiry into the sale of her structured or annuity settlement claim and she subsequently furnished to the Cross-Defendant a copy of the confidential settlement agreement and release between herself and Scripto-Tokaia

Corporation, Capitol Tobacco Company and Specialty Company et al.

## VII.

That on the 15th day of December, 1997, employees of the Cross-Defendant, after speaking with Cross-Plaintiff and relying upon their "sales pitch", which resulted into the "elicit conceived pigeon drop", your Cross-Plaintiff on the 15th day of December, 1997, purportedly sold her interest in the structured settlement agreement for the lump sum total amount of $15,123.00 up through and including December 1, 2004. That thereafter, on the 23rd day of November, 1998, the Cross-Plaintiff, purportedly, sold the remainder of her interest in the structured settlement agreement for the amount of $3,673.00 which included the last payment to be made on or about October 15, 2010.

## VIII.

Cross-Plaintiff charges that the Cross-Defendant upon purchasing the annuity did so unlawfully and with full knowledge of the Cross-Plaintiffs' contract with Scripto-Tokaia Corporation; Capitol Tobacco Company and Specialty Company et al, and with full knowledge that they had no interest vested or assignable right to enter into such contract and did so without authority of law.

## IX.

Thereafter, the Cross-Defendants notified Scripto-Tokaia Corporation, Capitol Tobacco Company and Specialty Company et al, and demanded that the payments be discontinued from the Cross-Plaintiff and that the payments in the amount of $425.00 be paid directly over to the Cross-Defendants thereby interfering with Scripto-Tokaia

Corporations contractual relationship with the Cross-Plaintiff, all of which was done without any legal justification or excuse and said actions were committed with malice, were willful and wanton, reckless and done for the purpose of acquiring a windfall profit from the Cross-Plaintiff's annuity and structured settlement.

## X.

Further, Cross-Plaintiff charges that the Cross-Defendants wrongfully, unlawfully, and maliciously persuaded, induced, and coerced the Cross-Plaintiff to breach her contract with Scripto-Tokaia Corporation, Capitol Tobacco Company and Specialty Company et al.

## XI.

Because of the Predatory Business Practices of wrongful, malicious, and the torturous conduct of the Cross-Defendants as aforesaid, Cross-Plaintiff has been damaged and deprived of her monthly annuities, and has caused severe emotional stress, worry, anxiety, and she has been damaged by the Cross-Defendants in the amount not to exceed $300,000.00. Further, that because of the willful, wanton, malicious and grossly negligent acts on part of the Cross-Defendants, Cross-Plaintiff is entitled to punitive damages in the amount of $500,000.00 together with attorney fees, and any and all other related costs in having to bring this action.

Respectfully submitted,

_____
JACQUELINE HORTON

JAMES G. MCINTYRE
MCINTYRE LAW FIRM
828 NORTH STATE STREET
JACKSON, MISSISSIPPI 39202
POST OFFICE BOX 22726
JACKSON, MISSISSIPPI 39202-2726
TELEPHONE: (601) 355-2481
FACSIMILE: (601) 355-1468

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

PERSONALLY APPEARED BEFORE ME the undersigned authority in and for the jurisdiction aforesaid, the within named, Jacqueline Horton, who first being duly sworn, did state upon oath and acknowledged to me that she signed and executed the above and foregoing Motion to Compel on the day and year therein stated and for the purpose therein mentioned and that the that the matters and things stated are true and correct.

JACQUELINE HORTON

SWORN TO AND SUBSCRIBED BEFORE ME, this the 2nd day of April, ~~March~~, 2004.

NOTARY PUBLIC

MY COMMISSION EXPIRES:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 29, 2005
BONDED THRU STEGALL NOTARY SERVICE

-14-