UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:00CV-565-R

COMMONWEALTH GENERAL                                                                PLAINTIFFS
ASSIGNMENT CORPORATION, et al.

v.

SETTLEMENT FUNDING, LLC, et al.                                                    DEFENDANTS

## ORDER

Upon consideration of the Joint Motion of Defendants and Cross-Claim Defendants Settlement Funding, LLC, and Peachtree Finance Company, LLC (the "Peachtree Parties") and Defendant and Cross-Claim Plaintiff Barbara Ann Farino, by and on behalf of the Settlement Class (collectively, the "Parties") for Final Certification of Settlement Class and for Final Approval of Settlement (the "Joint Motion for Final Approval"), together with any responses and objections thereto, and having held a hearing on November 15, 2004 where the Court heard and considered counsel and witnesses on behalf of the Parties, and having heard and considered any objections and comments of Settlement Class Members and other interested parties, and having considered Settlement Class Counsel's Motion for Award of Attorney's Fees and Reimbursement of Expenses ("Fee Petition"), and having considered the Motion of Cross-Claim Plaintiff Barbara Ann Farino for Award of Class Representative Incentive Fee ("Incentive Fee Petition"), (The Court notes no party, class member, or other person voiced any objections at the hearing on November 25, 2004.) and upon due consideration of the entire record, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. **Final Approval of the Settlement**. The proposed Settlement, as provided for by the

Settlement Agreement dated October 16, 2003, as amended on November 17, 2003, April 2, 2004, and June 30, 2004, which amendments have been incorporated in the Amended and Restated Settlement Agreement & Release attached hereto and incorporated herein (the "Settlement Agreement"), is in all respects fair, reasonable and adequate and in the public interest, and is approved. The Parties shall consummate the Settlement pursuant to the terms and provisions of the Settlement Agreement. The meaning of any terms herein, including terms used in the definition of the Settlement Class, shall have the meaning assigned to them in the Settlement Agreement.

2. **Certification of the Settlement Class.** A Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) as follows:

> All individuals in the United States and its territories who entered into either a Purchase Agreement with Settlement Funding, LLC or Peachtree Finance Company, LLC, their predecessors, successors, affiliates, parents, subsidiaries, related companies or assigns (collectively, "Peachtree") on or before February 21, 2002, or a Loan Agreement with WebBank, its predecessors, successors, affiliates, parents, subsidiaries, related companies or assigns (collectively, "WebBank") on or before February 21, 2002 that has been assigned to Peachtree.

The following individuals are excluded from this Settlement Class:

> Individuals whose rights with regard to such Purchase Agreements or Loan Agreements have been the subject of a final judicial or administrative determination.

> Individuals whose transactions, which were memorialized by such Purchase Agreement(s) and/or Loan Agreement(s), have been approved by order of a court or responsible administrative authority.

> Individuals who have given a release of any of the claims and defenses that are the subject of the Settlement Agreement in any agreement, other than a Purchase Agreement or Loan Agreement entered into on or before February 21, 2002, unless the release

> explicitly exempts the Cross-Claim.
>
> Individuals whose Purchase Agreement(s) and/or Loan Agreement have been rescinded or compromised by mutual agreement of Peachtree and the individual.
>
> Individuals who have requested exclusion from the Settlement Class and whose requests have been approved by the Court as set forth in Paragraph 3 of this Order.

If the Settlement is terminated or set aside pursuant to its terms, the Court shall enter an order decertifying the Settlement Class. Within a reasonable time after the Final Settlement Date, the Parties shall submit to the Court, under seal, a list of the names of those individuals who were Settlement Class Members as of the Final Settlement Date.

3. **Exclusions from the Settlement Class.** The requests of those persons listed on Attachment A hereto for exclusion from the Settlement Class are GRANTED. The requests of those persons listed on Attachment B hereto for exclusion from the Settlement Class are DENIED. Attachments A & B shall be maintained by the Clerk of the Court under seal in accordance with the Order of this Court dated August 19, 2004.

4. **Notice.** Notice to the Settlement Class required by Federal Rule of Civil Procedure 23(c) & (e) has been given in the best manner practicable in the circumstances and in a reasonable manner, complying in all respects with Rule 23 and due process, including, but not limited to, the form of notice and the methods of identifying and giving notice to the Settlement Class.

5. **Dismissal of the Cross-Claim.** The Cross-Claim filed by Cross-Claim Plaintiff is dismissed on the merits and with prejudice and without costs as to the Peachtree Parties pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. **Injunction.** The Cross-Claim Plaintiff and all Settlement Class Members are

permanently barred and enjoined from the institution, maintenance, prosecution or enforcement of, either directly or indirectly, whether by claim, defense, counterclaim or cross-claim, any and all claims, including the Claims as defined by the Settlement, which are released and discharged by reason of the Settlement.

7. **Irrevocable Direction of Payment.** The Cross-Claim Plaintiff and all Settlement Class Members shall comply with Paragraph 5 of the Settlement Agreement whereby they do irrevocably direct Structured Settlement Obligors and Associated Annuity Issuers to send all of the Transferred Payments to which Peachtree is entitled under the terms of a Purchase Agreement or Loan Agreement, as modified by the Settlement Agreement, to a post office box or other address designated by Peachtree, and do further irrevocably direct Structured Settlement Obligors and Associated Annuity Issuers to designate the Settlement Class Members' respective estates as the parties to receive the Periodic Payments upon their death, provided that the applicable Settlement Class Member has the right under the Settlement Agreement to give such direction; and do further covenant and agree irrevocably that they do not have a cause of action against any Consenting Structured Settlement Obligor or its Associated Annuity Issuer for delivering Periodic Payments, including Transferred Payments, to Peachtree in the past, present or in the future or otherwise complying with the terms of a Purchase Agreement, Loan Agreement, the Settlement Agreement, this Order or a Consent.

8. **Notice of Performance of Contract.** Within fifteen (15) days of the date when all of the Purchase Agreements and Loan Agreements that Peachtree has entered into with a Settlement Class Member have been fully performed, the Peachtree Parties shall notify that Settlement Class Member and his or her Structured Settlement Obligor and Associated Annuity Issuer of that fact, and

shall direct the Structured Settlement Obligor and Associated Annuity Issuer not to send further payments to Peachtree unless Peachtree is entitled to further Periodic Payments pursuant to an agreement or court order outside the scope of the Settlement Agreement.

9. **Discharge and Release**. Peachtree, WebBank, the Lender, Cross-Claim Plaintiff, the Settlement Class Members, Default Settlement Class Members, Consenting Structured Settlement Obligors and Associated Annuity Issuers are discharged and released from any and all of the claims that are released and discharged by reason of the Settlement, including Paragraphs 6, 7, and 8 of the Settlement Agreement, subject to the conditions and terms stated in the Settlement Agreement.

10. **Reservation of Claims**. The claims described in Paragraphs 5(f), 8(b) & 9 of the Settlement Agreement are not released and are expressly reserved, and the releases set forth in Paragraphs 6(c) and 7 are further subject to the reservations of claims set forth therein.

11. **Distribution of Refund**. The distribution of the Refund to the Settlement Class in accordance with the terms of the Settlement Agreement is approved and authorized.

12. **Contractual Amendments**. The contractual amendments of the Purchase Agreements and Loan Agreements set forth Paragraph 11(b) of the Settlement Agreement are approved and authorized.

13. **Defaults**. The settlement of Defaults that occurred before November 6, 2003 according to the terms set forth in Paragraph 12 of the Settlement Agreement is approved and authorized.

14. **Counsel Fees**. The attorney's fees and expenses sought in the Fee Petition in the amount of $459,000 are reasonable, and are approved.

15. **Settlement Class Representative Fee**. The Incentive Fee of $25,000 sought by

Settlement Class Representative Barbara Ann Farino is reasonable, and is approved.

16. **Continuing Jurisdiction of this Court.** In accordance with Paragraphs 13 and 18 of the Settlement Agreement, the Court shall have continuing and exclusive jurisdiction for any necessary purpose as to all matters relating to the Judgment and to the administration, consummation, enforcement and interpretation of the Settlement. The Court's jurisdiction after the Final Settlement Date will be limited by the Parties' right to cure any alleged violation of any provision of this Settlement Agreement within sixty (60) days of receipt of notice of the alleged violation as set forth in Paragraph 13 of the Settlement Agreement.

17. **Notice to Class Members.** The Peachtree Parties shall, within thirty (30) days of the Final Settlement Date, send each Settlement Class Member who is not entitled to payment by check, as described in Paragraph 11(a)(iv) of the Settlement Agreement, a notice substantially in the form submitted by the Parties and incorporated herein, stating (a) the date and amount of the Transferred Payments that Peachtree will forego in payment of the Refund to the individual Settlement Class Members and, if applicable, (b) the date and amount of the Transferred Payments and other payments to which Peachtree is entitled under the terms of Paragraph 12 of the Settlement Agreement; and shall send each Settlement Class Member who is entitled to payment by check, as described in Paragraph 11(a)(iv) of the Settlement Agreement a notice substantially in the form submitted by the Parties and incorporated herein, stating the amount of the check that each such Settlement Class Member will receive; and shall notify each Settlement Class Member of the procedure for objecting should the Class Member contend that the Peachtree Parties have incorrectly calculated any Settlement Class Member's portion of the Refund or any Default Settlement Class Member's Default Cure Amount; and shall notify each Settlement Class Member that his or her portion of the Refund

may be offset if he or she Defaults at any time after the Final Settlement Date.

18.    **Notice to Structured Settlement Obligors.** The Peachtree Parties shall, within thirty (30) days of the Final Settlement Date send each Structured Settlement Obligor, and simultaneously serve on Settlement Class Counsel a copy of this Order and, insofar as it is reasonably practicable, a list of the Structured Settlement Obligors' obligees who are Settlement Class Members identifying (i) the date and amount of the Transferred Payments that Peachtree will forego in payment of the Refund to each Settlement Class Member; (ii) the date and amount of the Transferred Payments to which Peachtree is entitled under the Settlement and this Order; and, where applicable, (iii) the date and amount of the Transferred Payments to which Peachtree is entitled in resolution of the Defaults of Default Settlement Class Members.

19.    **Termination Provisions.** If the Settlement terminates or is set aside in accordance with Paragraphs 20 or 21 of the Settlement Agreement, the Settlement shall be terminated and this Order, and all prior orders certifying the Settlement Class or making findings regarding the certification of a Settlement Class, shall be vacated in accordance with Paragraphs 20 or 21 of the Settlement Agreement as may be applicable.

20.    **Final Judgment.** This Order approving the Settlement is a final judgment of this Court pursuant to Fed. R. Civ. P. 54(b) and there is no just reason to delay appeal. The Clerk of Court is directed to enter this Order as a final judgment of this Court.

This _18_ day of November, 2004.

_Thomas B. Russell_
Thomas B. Russell, Judge
United States District Court